UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-2617(DSD/KMM)

St. Paul Mercury Insurance
Company,

        Plaintiff,

v.                                              **ORDER**

Order of St. Benedict, Inc.,

        Defendant.

This matter is before the court upon the motion to alter or amend judgment pursuant to Rule 59(e) or, in the alternative, for relief from judgment pursuant to Rule 60(b) by defendant The Order of St. Benedict, Inc. (Order). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.[1]

**BACKGROUND**

The background of this matter is fully set forth in the court's order granting summary judgment to plaintiff St. Paul Mercury Insurance Company (St. Paul) and will not be repeated here. The Order moves for post-judgment relief on the grounds that newly discovered evidence belies the court's reasoning and analysis. The Order also argues that the court erred in applying the law.

---

[1] The court also denies the Order's letter request for leave to file a motion to reconsider. ECF No. 70.

DISCUSSION

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) ...." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). A Rule 59(e) motion serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence."[2] Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). It does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). Nor can the rule be used to rehash arguments already made and lost. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).

Likewise, a motion to vacate under Rule 60(b) "is an extraordinary remedy and will be justified only under exceptional circumstances." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (citations and internal quotation marks omitted). Such circumstances include

---

[2] The court notes that the "[t]he practice of this district is to utilize Rule 59(e) motions to address mechanical changes to a judgment, such as correcting a dollar amount that was incorrectly entered, and not to request the Court to reconsider the substance of a ruling." Schwarz Pharma, Inc. V. Paddock Labs., No. 05-832, 2006 WL 3359336, at *1 (D. Minn. Nov. 20, 2006). The court will nevertheless consider the Order's arguments in the context of its motion as a whole.

mistake, newly discovered evidence, fraud, misrepresentation, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

With respect to the claimed errors in law, the court will not address the Order's arguments, because they simply repeat its position, which the court has already considered and rejected. See <u>Dale & Selby Superette & Deli v. U.S. Dep't of Agric.</u>, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (noting that post-judgment motions are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances").

As to newly discovered evidence, the Order argues that recently uncovered documents support its assertion that the parties intended to expand the relevant policies to include coverage for sexual abuse claims. After the court entered judgment, the Order requested documentation from its insurance brokerage firm relating to its St. Paul insurance policies. Berg Aff. ¶¶ 1-4. Diane Berg, senior vice president of Willis of Minnesota, Inc., reviewed the Order's policy file and located letters from 1994 discussing "sexual molestation or activity exclusion." <u>Id.</u> ¶ 5 & Exs. The Order argues that these letters definitively establish that the parties intended to expand coverage to include coverage for sexual abuse claims for the policies at issue, which were in place from July 1990 to July 1992.

3

In order to prevail on the basis of newly discovered evidence, the Order must show that: (1) the evidence was discovered after judgment; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result. Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir. 1995). The Order has not met this standard.

First, the Order did not exercise due diligence during the case to discover the evidence. In fact, the Order acknowledges that it undertook no discovery during the nearly two years the case was pending despite having the ability to do so. Given the ease with which the Order was able to retrieve the documents post-judgment, it appears that nothing prevented it from doing so sooner. Second, the evidence is not material. In the underlying order, the court held that the policies were unambiguous. As a result, the letters, even if directed to the policies at issue, would not have been considered by the court. Further, the letters are from 1994, two years after the policies expired, and thus are of dubious relevance in any event. As a result, the evidence is not "newly discovered," and the Order is not entitled to relief.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for to alter, amend, or correct the judgment or, in the alternative, for relief from judgment [ECF No. 67] is denied.

Dated: April 20, 2017

                                            <u>s/David S. Doty</u>
                                            David S. Doty, Judge
                                            United States District Court